Robert McCARLEY, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,* Respondent.

Appeal No. 84–1502.

United States Court of Appeals, Federal Circuit.

March 20, 1985.

---

* In the MSPB decisions, the Department of the Army was named respondent. Since the Merit Systems Protection Board did not review the merits of the agency action, the MSPB is the proper respondent here. 5 U.S.C. § 7703(a)(2) (1982); *Hopkins v. MSPB,* 725 F.2d 1368, 1372 (Fed.Cir.1984).

Phillip R. Kete, Washington, D.C., argued for petitioner.

Terrance S. Hartman, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

Major William S. Trivette, Dept. of the Army, Washington, D.C., of counsel.

Before BENNETT, NIES and BISSELL, Circuit Judges.

BENNETT, Circuit Judge.

This is an appeal from a decision of the Merit Systems Protection Board, 21 M.S.P.R. 780 which became final on June 11, 1984. That decision dismissed McCarley's appeal for lack of jurisdiction. We affirm.

The legal issue to be resolved by this appeal is one that has not previously been before this court. Mr. McCarley was selected for the GS–3 position of Lead Ration Control Monitor with the Directorate of Personnel and Community Activities in Pu-

san, South Korea. He was directed to report for duty on March 7, 1983, and did so. Before that date, but after his selection, information was received by the agency revealing that he had several ration control and customs violations which were regarded as serious incidents in the Republic of Korea. The selecting official, upon learning of this information, withdrew the selection of petitioner, but McCarley was not advised of that fact until the day he reported. Upon being told at that time that he would not be allowed to assume any duties, he left the agency.

It is McCarley's position that when he stepped across the threshold of the agency he did in fact enter on duty as an employee in the common sense, as well as in the common law meaning of the term, and was a probationary employee who was entitled to, but was refused, the procedural advantages set forth in 5 C.F.R. §§ 315.805, 315.-806 (1984). Petitioner demands back pay for this alleged illegal, arbitrary, and capricious treatment.

The MSPB decided that it had no jurisdiction of this claim because McCarley was never an "employee" as defined by law and cited 5 U.S.C. § 2105, which provides in relevant part:

§ 2105. *Employee*

(a) For the purpose of this title, "employee" . . . means an officer and an individual who is—

(1) appointed in the civil service by one of the following acting in an official capacity—

.    .    .    .    .

(C) a member of the uniformed service;

(D) an individual who is an employee under this section;

.    .    .    .    .

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and

(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the

performance of the duties of his position.

The agency argued that petitioner was selected but was never appointed as required by section 2105(a)(1). The MSPB rejected this view. It was concluded, upon the authority of *National Treasury Employees Union v. Reagan*, 663 F.2d 239 (D.C.Cir.1981), and the evidence in the instant case, that McCarley was indeed an appointee. The MSPB, however, did not rely upon revocation of the appointment as the basis for its holding of no jurisdiction, but rather upon McCarley's failure to establish that he engaged in a federal function. Further, it was held that, because he did not prove he performed such a function, he also failed to prove he was supervised by a federal employee while performing his duties. Thus, two of the three requirements of section 2105(a) were not met. It followed from this that McCarley was not an employee within the meaning of the statute, and thus he was not "an employee serving a probationary or trial period" who would be entitled to the notice procedures provided by 5 C.F.R. § 315.805 or the right of appeal to the MSPB as set forth in 5 C.F.R. § 315.806.

There is a clear difference between being an appointee and an employee, and the lines are drawn by section 2105. One may be an appointee and never achieve the status of employee. There are three elements to the statute and all must be complied with to achieve the status of an employee. *Gilman v. Office of Personnel Management*, 743 F.2d 881 (Fed.Cir.1984); *Costner v. United States*, 229 Ct.Cl. 87, 665 F.2d 1016, 1020 (1981); *Baker v. United States*, 222 Ct.Cl. 263, 614 F.2d 263, 266 (1980).

It is interesting that McCarley does not dispute that he was required to satisfy all three criteria of the statute. He argues that under the common law he is an employee and that the statute merely adds the requirement of appointment by an authorized federal official. This is not a viable argument. Under common law the determination of a master-servant relationship is based solely upon the degree of control exercised over the individual. But, common law does not govern federal employee relationships. The federal statute, 5 U.S.C. § 2105, expressly rejects the common law test. *Costner v. United States*, 665 F.2d at 1022. Back pay therefore cannot be awarded to an appointee who has not qualified as an employee by performing a federal function subject to the supervision of a federal employee. Such payment for work he did not perform, because the appointment was revoked before he did any supervised work, would be illegal.

In filing an appeal with the MSPB, McCarley had the burden of proving that the board had jurisdiction of his claim. 5 C.F.R. § 1201.56(a)(2) (1984). *Stern v. Department of the Army*, 699 F.2d 1312, 1314 (Fed.Cir.1983). We have seen that he failed to meet this burden by relying on 5 C.F.R. § 315.806(c) because he was not a probationary employee within the meaning of the statute, since he failed to offer any proof of compliance with two required elements of the statute defining employees.

McCarley relies on two cases which he states establish that his mere arrival at the agency constituted an entrance upon duty, and cites *National Treasury Employees Union v. Reagan*, 663 F.2d 239, and *Beacom v. Equal Employment Opportunity Commission*, 500 F.Supp. 428 (D.Ariz. 1980). In *Beacom*, the petitioner, an attorney, was promised a government position and was told that a prospective hiring freeze would not affect his selection. On this assurance he gave up his practice of 16 years, but when he reported for duty two weeks later he was told that he had not been hired. Upon the narrow facts before it, the district court held that Beacom had received an appointment prior to issuance of the government job freeze and that the government was estopped from denying the appointment because of its affirmative misconduct.

In the present case now appealed, the MSPB expressly found that McCarley failed to introduce any evidence of misconduct by government officials. In the absence of such evidence, it is presumed that

the government officials acted in good faith. *Fucik v. United States*, 228 Ct.Cl. 379, 655 F.2d 1089, 1097 (1981). It is further important to note that the *Beacom* court did not find compliance with the requirements of 5 U.S.C. § 2105(a), which issue is now before us.

In the other case principally relied on by McCarley, the issue, as in *Beacom*, was whether there was a valid appointment, an issue mooted in the present matter because of the MSPB conclusion that McCarley was an appointee. In *National Treasury Employees Union v. Reagan*, 663 F.2d at 246, the court determined that some petitioners were appointees. However, it explicitly stated that they were not employees and thus were not entitled to the protection of procedures established by law for employees, because they had not met the requirements of subsections (2) and (3) of 5 U.S.C. § 2105(a). That is the exact situation now before us. McCarley relies on cases that do not support him.

Under our statutory scope of review, this court can set aside the MSPB decision only if it is found (1) to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) to have been obtained without following procedures required by law, rule or regulation; or (3) to be unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982). We have not been shown any of these defects in the record of the instant case. The MSPB properly dismissed the appeal for lack of jurisdiction.

AFFIRMED.