831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kevin L. MILLER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 Appeal No. 87-3343
 United States Court of Appeals, Federal Circuit.
 September 9, 1987.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on February 17, 1987, docket No. CH07528610538, dismissing as beyond the board's jurisdiction the appeal by Kevin L. Miller (Miller) of his removal by the Department of the Navy from his position as an electronics mechanic helper at the Naval Avionics Center in Indianapolis, Indiana, is affirmed.
 
 OPINION
 
 2
 Miller, in filing his appeal with the board, had the burden of proving that the board had jurisdiction of his claim. 5 C.F.R. Sec. 1201.56(a)(2) (1987). After a thorough review of the arguments submitted to us by Miller, we must conclude that Miller has failed to sustain his burden of establishing that the board had jurisdiction. See McCarley v. Merit Systems Protection Board, 757 F.2d 278 (Fed. Cir. 1985).
 
 
 3
 Federal 'employees,' pursuant to 5 U.S.C. Sec. 7701(a) (1982), are provided with the right to 'appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.' However, the statutory definition of 'employee,' as used in section 7701(a), is limited. According to 5 U.S.C. Sec. 7511(a)(1)(A), individuals serving under a temporary appointment limited to 1 year or less are not defined as 'employees' and, therefore, are not included within the class of persons entitled to an appeal before the board pursuant to section 7701(a).
 
 
 4
 Miller argues that the board erred by characterizing him as an individual with a temporary appointment limited to 1 year or less for purposes of section 7511(a)(1)(A). Miller contends, on the basis of his 4 years of allegedly continuous service at the Naval Avionics Center, that he should have fallen into another category of appointment such as 'term' or 'career-conditional' and, as such, have the right to appeal his removal from his position to the board. We are not persuaded by this argument. Notwithstanding the possibility that Miller was continuously employed for 4 years as an electronics mechanic helper, Miller has failed to refute the board's determination that, during the period of Miller's service, Miller was under a temporary appointment limited to 1 year or less. See Stern v. Department of the Army, 699 F.2d 1312 (Fed. Cir.), cert. denied, 462 U.S. 1122 (1983).
 
 
 5
 We must affirm the board's decision because we find it to be supported by substantial evidence, and not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).