833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William J. SPYCH, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 87-3262
 United States Court of Appeals, Federal Circuit.
 October 1, 1987.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The Merit Systems Protection Board (board), Docket No. PH315H8610709, dismissed the appeal of William J. Spych (petitioner) for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The board correctly determined that it lacks jurisdiction over petitioner's appeal from his removal from the position of aviation safety inspector, GS-12, in Allentown, Pennsylvania, because he had not completed a one-year probationary period before being terminated for unsatisfactory conduct. Persons such as petitioner who hold a competitive career-conditional position are on probationary status for the first year of their service. 5 C.F.R. Sec. 315.801. Appeals from agency action by those persons are permitted in the limited circumstances that the agency action is alleged to be based on partisan political reasons or marital status. 5 C.F.R. Sec. 315.806.
 
 
 3
 In dismissing the appeal for lack of jurisdiction, the board considered petitioner's claim that his prior federal service in a lower-level position was in the 'same line of work' and therefore should be credited toward the one-year probationary period for the position from which he was terminated. We agree with the board's conclusion that petitioner's prior position could not be counted toward fulfillment of the probationary period. Prior service does not count toward satisfaction of the probationary period unless the prior service was (1) for the same agency, (2) in the 'same line of work', and (3) rendered immediately preceeding the appointment at issue. See Federal Personnel Manual (FPM), Chapter 315, Appendix A-3(c). The 'same line of work' requirement has not been met in petitioner's case. The two positions do not qualify as 'so similar [that] they require the same qualifications and, insofar as the nature of the work is concerned, would be in the same competitive level for reduction in force purposes.' FPM, Ch. 315, Appendix A-3(c)(3).
 
 
 4
 Petitioner unsuccessfully asserts that his prior position, because it was service under the Veterans Readjustment Act, is not subject to a 'same line of work' requirement. Provisions for waiver of 'same line of work' considerations in conversion of disabled veterans' temporary limited appointments are inapplicable. See FPM Ch. 315 Sec. 7-8 and Appendix A-3(c)(1)(b).
 
 
 5
 Accordingly, petitioner has not met his burden of establishing board jurisdiction and dismissal of the appeal was appropriate. See McCarley v. Merit Systems Protection Board, 757 F.2d 278, 280 (Fed. Cir. 1985).