Sam HEDGE, Jim Stengrim, William Decker, Lowell Nelson, individually, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Richard E. LYNG, Secretary of the United States Department of Agriculture, Vance Clark, Administrator of the Farmers Home Administration; Russ Bjorhud, Minnesota State Director of the Farmers Home Administration, Defendants.

Civ. No. 4–86–610.

United States District Court,
D. Minnesota,
Fourth Division.

June 22, 1988.

James T. Massey, and Juliet M. Tomkins, Farmers' Legal Action Group, St. Paul, Minn., for plaintiffs.

William Robert Irvin, Dept. of Justice, Civ.Div., Washington, D.C., and Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for defendants.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

DIANA E. MURPHY, District Judge.

Farmers Sam Hedge, Jim Stengrim, William Decker, and Lowell Nelson bring this action as representatives of a class of farmers. They seek injunctive and declaratory relief against the Secretary of Agriculture and the Administrator and Minnesota State Director of the Farmers Home Administration (FmHA). On March 3, 1988, the court issued a Memorandum Opinion and Order which resolved most of the dispute. Portions of claims one and two raised disputed material facts and were set for trial. Trial to the court was conducted over two days, on May 23 and 24, 1988.

The remaining controversy centers on a FmHA regulation which requires county committee members to abstain from partisan political involvement. The regulation states that a county committee member must:

> Not currently be an officer or employee of a partisan political party, or be active in the management or affairs of any political club, organization, or committee. The general rules are contained in FmHA Instruction[s].... Committee members are also subject to the prohibitions contained in [Executive Order 11222 and the policy of the U.S. Department of Agriculture (USDA)] with respect to holding public office.

52 Fed.Reg. 9606 (March 24, 1988) (to be codified at 7 C.F.R. § 2054.1104(d)). The FmHA construes this regulation as a restriction on partisan political activities, equivalent to the Hatch Act, 5 U.S.C. § 7324. *See* FmHA Instruction 2045–CC. Plaintiffs maintain the regulation is arbitrary and capricious under the Administrative Procedures Act, 5 U.S.C. § 706, and violates their rights to equal protection under the United States Constitution.[1] The key issue is whether elected county committee members are federal employees within the definition in 5 U.S.C. § 2105.[2] The evidence at trial focused on whether elected county committee members are "appointed" and "subject to supervision." After carefully considering the testimony, depositions, stipulations and exhibits presented at trial, as well as the parties memoranda and other submissions, the court makes the following findings of fact and conclusions of law, pursuant to Fed.R. Civ.P. 52(a).

The FmHA is a farm and rural development agency within the United States Department of Agriculture, authorized to make and administer loans to farmers. In

---

1. The challenged regulation is published at 53 Fed.Reg. 9606 (March 24, 1988) (to be codified at 7 C.F.R. § 2054.1104(d)). Since this action began several regulations contained in 7 C.F.R. Part 2054 have been revised; however, the regulation challenged here remains basically unchanged.

2. (a) "[e]mployee" ... means an officer and an individual who is—

> (1) appointed in the civil service by one of [numerous government officials] acting in an official capacity ...
> (2) engaged in the performance of a Federal function under authority of law or an Executive act; and
> (3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

5 U.S.C. § 2105(a).

Minnesota the FmHA is coordinated by state director Russ Bjorhus; most programs are administered at the county level. A county supervisor who is a full-time FmHA employee directs each local office which generally encompasses one or two counties.

Each FmHA county office works with a three-member county committee comprised of area farmers. Until the enactment of the Food Security Act of 1985, Pub.L. No. 99–198, all committee members were appointed by the FmHA. Often the county supervisor consulted with local officials of the President's political party, and appointed the farmers who were recommended. Since enactment of the Food Security Act of 1985, two of the committee members are now elected by local farmers and the third is appointed by the FmHA. *See* 7 U.S.C. § 1982(a)(1) (1988).

The basic duties of each county committee are set out by statute and FmHA regulations. The manner in which day-to-day operations are conducted in each county vary, however. Each committee selects a chairperson from among their number. Committee members Melvin Mentzen and Adam Klosowski testified that they defer to the supervisor to set meeting dates and times, to draft agendas, and to provide other guidance. In contrast, committee member Lou Anne Kling described her county supervisor's role as more akin to a facilitator or staff person who provides administrative support to the committee.

Some committees meet only every month or two; others meet as often as weekly during the busiest six months. The time and place of meetings and their frequency may be decided by each committee. Meetings last anywhere from one-half hour to three-and-one-half hours. Some committees make their decisions by consensus, some by majority rule; some go through formal voting, others reach decisions less formally.

A committee's primary role is to determine the eligibility of applicants for farm loans and to make recommendations regarding problem loans.[3] No FmHA farm loan may be approved until the applicant is found to be eligible; determining eligibility is the nearly exclusive province of the committee. Several factors must be considered.[4] Each committee member is trained by the FmHA regarding eligibility. The process of determining eligibility is subjective, and can include the committee members' personal knowledge of the applicant. A committee's determination that an applicant is eligible for a loan is irreversible. A finding of ineligibility may be appealed to the state director, however, who may reverse the committee. After a loan applicant is found to be eligible the county supervisor must then approve or disprove the loan based on separate consideration of the adequacy of security and ability to repay.

Committee members are compensated at approximately $30 for each meeting they attend, and they also receive an allowance for mileage. They are paid only after the county supervisor signs a voucher confirming their attendance. The supervisor has no authority to modify or withhold a committee member's compensation, and payment is contingent only upon attendance, not the quality of a member's work.

Committee members are trained by the FmHA soon after beginning service, and periodically thereafter. New members receive a packet of training materials. They also receive numerous forms and are instructed by the county supervisor to complete them promptly.[5] Committee mem-

---

**3.** *See* 53 Fed.Reg. 9605 (March 24, 1988) (to be codified at 7 C.F.R. § 2054.1103).

**4.** Factors to consider include: creditworthiness, citizenship, farm training and experience of the applicant, need to rely on farm income, character as it relates to reliability for repayment, management ability, farm size, and ability/inability to obtain credit elsewhere. *See* Plaintiffs' Exhibit 2.

**5.** These include a W–2 form, a Wage and Tax Statement, Standard Form 171 (Federal government employment application), Standard Form 61 (containing appointment affidavits and oath of office), Form 1–9—Employment Eligibility Verification (required by Immigration and Naturalization Service), and Form W–4 (employee withholding).

bers are required to take an oath of office as part of the initiation. For both elected and appointed committee members the FmHA completes a Standard Form 50–B, Notification of Personnel Action designating them as "intermittent federal employees." They are not, however, assigned a GS level or grade. County committee members are not bound by any formal performance standards, nor are they subject to any formal periodic review. The county supervisor does provide guidance to the committee in interpreting regulations and keeping the committee focused on their prescribed function. The supervisor makes no formal evaluations, however.

Committee members are ineligible for federal pension benefits, nor do they receive life, health, disability, unemployment, insurance coverage from the FmHA. They receive no paid sick time, leave of absence, nor vacation benefits. Legal counsel is provided by the United States Attorney's Office if a committee member is sued for actions related to his or her FmHA duties. Committee members who have retirement benefits accrued from other federal employment may receive credit for their time on the committee. Automobile accidents or workers compensation claims arising from FmHA duties are insured by FmHA.

Before 1985 all county committee members could be removed for cause. 7 U.S.C. § 1981 (subsequently amended by Pub.L. 99–198 (1985)). The 1985 amended statute has no provision for removal of elected members, however. *See* 7 U.S.C. § 1982(a). The absence of FmHA removal authority is demonstrated by the situation which confronted Yellow Medicine county committee member Lou Anne Kling, who testified at trial and appeared to be a principled and honest witness. Kling was elected to the county committee for a term which expires on August 2, 1988. She is also employed part-time with the Minnesota Department of Agriculture as a farm advocate. As an advocate she offers farmers advice regarding financial planning, government support programs, emotional and physical health resources, debt restructuring, and generally serves as a resource. This requires her occasionally to intervene on behalf of farmers in FmHA offices outside of the county where she is a committee member. She testified that since her election she has worked primarily with farmers in other states and has curtailed her farmer advocacy activities near home. Because of her advocacy work FmHA state director Bjorhud advised her that if she continued to work with FmHA borrowers or applicants, he would "find it necessary to terminate [her] position as County Committee member." Plaintiff's Exhibit 11, p. 2. Kling has not given up her advocacy work, however, and Bjorhud has not repeated or followed through on the threat to remove her. Nor has he supplied Kling, despite her request, with a citation to the statute or regulation which would give him that authority.

County supervisors do not impose disciplinary measures on committee members, but instead refer any such issue to the state director. The state director testified that he would consult with the national office before attempting to discipline or remove an elected committee member. There is no evidence of any formal discipline having been imposed upon any elected committee member from any level of the FmHA.

Several plaintiffs are adversely affected by the regulation which restricts partisan political activity. Kling testified that she was elected as a county and state delegate to her political party convention in 1988. She has requested guidance from the state director regarding her eligibility to continue on the county committee in light of her partisan political affairs. She has received no response. Since being elected to a party position she has not participated formally in any of her FmHA committee's actions, and has recused herself from all but one meeting. She will not run for reelection to the county committee if her partisan political activities continue to be restricted.

Other plaintiffs are also affected. William Decker, a named plaintiff, has served as a county and state delegate for his political party and would apparently be prohibited from serving on the committee if he continues this involvement. Plaintiff

James Stengrim wishes to run for a county committee seat and also wants to continue partisan political activity if elected. Gloria Teffer farms in Renville County. She has served as county and district chair, national delegate, and state central committee member for her political party. She has managed several political campaigns. She wishes to run for FmHA county committee, yet if elected would like to continue her partisan activity. The Renville county supervisor advised her that she could not do both if elected.

Plaintiffs challenge the restriction on partisan political activity by elected committee members as arbitrary and capricious agency action in violation of the APA, 5 U.S.C. § 706. Defendants justify the regulation as a reasonable restriction applicable to all FmHA employees. They assert that elected county committee members are intermittent federal employees, and therefore are reasonably subject to the regulations.

■ The parties agree that 5 U.S.C. § 2105(a) (1986) provides the relevant measure of whether elected county committee members are federal employees.[6] All three elements stated in the statute—appointment, federal function, and supervision— must be met to achieve the status of employee. *McCarley v. Merit Systems Protection Board*, 757 F.2d 278, 280 (Fed.Cir. 1985); *see Horner v. Acosta*, 803 F.2d 687 (Fed.Cir.1986) (status as federal employee for purposes of retirement credit accrued is governed by the three elements of § 2105). The parties agree that elected county committee members perform a "federal function," but they disagree about whether electoral members are "appointed" and "subject to supervision" under 5 U.S.C. § 2105(a).

■ Plaintiffs argue first that the designation of elected committee members as "appointed" is inconsistent with their status as elected members. They argue that the form which the FmHA uses to purportedly appoint all new committee members is merely a vestige of the old system. Such

appointment is not in line with the new independence of the committees envisioned by Congress. *See* H.R.Rep. No. 271, Part 1, 99th Cong. 1st Sess. pp. 100–01 (Sept. 13, 1985), U.S.Code Cong. & Admin.News 1985, pp. 1103, 1204–05 (one purpose for electing rather than appointing committee members is to enhance the committee's independence from FmHA administrative structure).

Defendants respond that county committee members have always been considered federal employees and Congress acknowledged in 1961 that they are subject to the Hatch Act. *See* S.Rep. No. 566, 87th Cong. 1st Sess. p. 73 (July 17, 1961). They argue that each committee member fills out employment forms, takes an oath of office, is paid for the service, and is required to report FmHA income on tax forms. The paucity of employment benefits is a feature of most intermittent federal employment. Therefore, without regard to how each was selected for the committee, defendants assert that each member is still an "appointed" employee.

Plaintiffs also argue that elected committee members are not "subject to the supervision" of an FmHA employee but rather function free from immediate supervision and control by the FmHA administration. Defendants challenge this description of the county committee's role. They argue that the county supervisor and state director control the general operation of the committee, and even supervise daily operations such as directing meetings and keeping the committee's deliberations narrowly focused.

The trial testimony revealed a great disparity in how county committees function and the degree of control exerted over them by county supervisors. Many aspects of the relationship between county supervisor and the committee seem to be vestiges of the pre–1985 system before Congress amended the statute to provide greater committee independence. For example, nothing in the amended statute indicates that committees should not be free to schedule their own meetings, set their own agendas, and have the proceedings directed

6. *See supra* p. 913 n. 2.

by the committee chairperson rather than the county supervisor. Furthermore, elected committee members are not subject to many common aspects of supervision—the quality of their work is not formally evaluated; their pay is not contingent on performance; there is no authority for dismissing them during their term. Newly elected committee members do receive a Standard Form 50–B appointing them "intermittent federal employees," however this designation seems contradicted by their status as elected members, at least insofar as their "appointment" is evidence of subservience to FmHA administrative personnel.

The county committees' role in relation to the FmHA is one of separate coordinate functions, rather than subservience. Under the structure devised by Congress committees have an independent role of determining eligibility and resolving problem loans. County supervisors should be liaisons and provide administrative assistance to each committee as it performs this role. The committee is not, however, "subject to the supervision" of the county supervisor within the meaning of 5 U.S.C. § 2101(a)(3).

The role of the county committee can be more likened to that of an advisory committee or a board of directors of a non-profit corporation. The committee has a limited area where its authority is exclusive, and on other issues it offers insight and guidance to the agency based upon the members' farming experience and personal knowledge of farmers and agricultural practices in their counties. For this service they receive a small stipend for attending meetings and they are protected against most legal liabilities.

In summary, elected committee members do not fit within the definition of employee set forth in 5 U.S.C. § 2105. Therefore, the FmHA regulation which restricts their partisan political involvement based on their status as employees is arbitrary and capricious in violation of 5 U.S.C. § 706. Plaintiffs are entitled to the relief sought for the "political exclusion" portions of claims one and two of their complaint. This determination resolves the remaining dispute between the parties and renders moot the other arguments raised.

### ORDER

Based upon the findings of fact and conclusions of law, and all the files, records and proceedings herein, IT IS HEREBY DECLARED that: FmHA Regulation § 2054.1104(d), 53 Fed.Reg. 9606 (March 24, 1988) (to be codified at 7 C.F.R. 2054.-1104(d)) which restricts the partisan political activities of county committee members elected pursuant to 7 U.S.C. § 1982 is arbitrary and capricious and contrary to law, in violation of 5 U.S.C. § 706;

and IT IS HEREBY ORDERED that defendants Richard E. Lyng, Secretary of the United States Department of Agriculture, Vance Clark, Administrator of the Farmers Home Administration; Russ Bjorhud, Minnesota State Director of the Farmers Home Administration, and all their agents and successors, are permanently enjoined from restricting elected FmHA county committee members in Minnesota from engaging in partisan political activity as proscribed by § 2054.1104(d), 53 Fed.Reg. 9606 (March 24, 1988) (to be codified at 7 C.F.R. § 2054.1104(d)), and the Hatch Act, 5 U.S. C. § 7324.

LET JUDGMENT BE ENTERED ACCORDINGLY.