884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John Vincent MANLEY, Sr., Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 89-3131.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1989.
Rehearing Denied Sept. 20, 1989.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 John V. Manley seeks review of a decision by the Merit Systems Protection Board (MSPB or Board), Docket No. PH34438810337, which dismissed his appeal for lack of jurisdiction. The MSPB found that the petitioner was not an "employee" under 5 U.S.C. Sec. 2105, and therefore that the MSPB had no jurisdiction to consider an appeal of the decision by the agency not to hire him. We affirm.
 
 OPINION
 
 2
 Mr. Manley was found to be qualified for the position of Copier/Duplicating Equipment Operator in the Navy Publication and Printing Services Office, Northern Division, Philadelphia, Pennsylvania. He was notified that he had been selected for the position, and was instructed to report for a pre-appointment physical examination. He received the physical examination and after completing the paperwork, was told to report for work on the next Monday, which was May 11, 1987. On May 6, 1987, Navy personnel informed him that the offer to hire him had been retracted. No Notification of Personnel Action appointing Mr. Manley was ever issued and he never reported for work or performed any duties in the position.
 
 
 3
 In an initial decision, which was upheld by the full board, the administrative judge found that Mr. Manley was not an "employee" within the meaning of the governing statute, 5 U.S.C. Sec. 2105, in that he never reported for duty, was never engaged in the performance of a federal function under the authority of the law or executive act, and was never supervised by a federal employee while performing duties. All three elements of the statute must be complied with to achieve the status of an employee. McCarley v. Merit Sys. Protection Bd., 757 F.2d 278 (Fed.Cir.1985).
 
 
 4
 In this appeal Mr. Manley argues that the MSPB erred by failing to consider the right of the Aviation Supply Office to have a private meeting with the Director of the Navy Publications and Printing Services Office to discuss his employment history and to make a decision regarding the withdrawal of his selection. However, there is no statute or regulation which required such agency action prior to the withdrawal of Mr. Manley's selection.
 
 
 5
 Mr. Manley also argues that the MSPB had jurisdiction under the provisions of 5 C.F.R. Sec. 315.806. However, the regulation is not applicable; it gives the board jurisdiction of certain claims by probationary employees, but Mr. Manley was not a probationary employee.