70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles S. CALLARI, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 95-3467.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
 
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge and MICHEL, Circuit Judge.
 DECISION
 SMITH, Senior Circuit Judge.
 
 
 1
 Charles S. Callari petitions for review of an order of the Merit Systems Protection Board (Board), Docket No. NY-0731-95-0057-I-1, which denied review of an initial decision dismissing for lack of jurisdiction Mr. Callari's claim that the Drug Enforcement Agency (DEA) made a de facto suitability determination. We affirm.
 
 Facts
 
 2
 Mr. Callari applied for a Special Agent position with DEA while he was still employed as an investigator for the Department of Labor (DOL). While his application with DEA was pending, he resigned from DOL because he was told that he would be terminated for misconduct. Soon after, DEA told Mr. Callari that he had been selected for a Special Agent position and that a slot in a specific training course was reserved for him. However, DEA later rescinded the offer and reopened his background investigation in light of his DOL termination. Over three years have elapsed since Mr. Callari's application with DEA, yet he has been neither denied nor selected for a position.
 
 Proceedings Below
 
 3
 Mr. Callari filed an appeal with the Board alleging that DEA had, in effect, made an adverse suitability determination and committed prohibited personnel practices. The administrative judge dismissed the appeal for lack of jurisdiction because (i) Mr. Callari failed to plead facts showing a suitability determination; (ii) the offer was rescinded prior to Mr. Callari reporting to duty; and (iii) prohibited personnel practices are not independent grounds for jurisdiction. The Board denied Mr. Callari's subsequent petition for review.
 
 Standard of Review
 
 4
 This court reviews a Board decision under a narrow standard and must affirm the decision unless it is found to be (i) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (ii) obtained without procedures required by law, rule or regulation having been followed; or (iii) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The Board's jurisdiction is limited to that specifically granted by statute or regulation. 5 U.S.C. Sec. 7701(a) (1994); Maddox v. Merit Sys. Protection Bd., 759 F.2d 9, 10 (Fed.Cir.1985). Mr. Callari has the burden of proving by a preponderance of the evidence that the Board has jurisdiction over his claim. 5 C.F.R. Sec. 1201.56(a)(2)(i); Robins v. Department of Justice, 48 M.S.P.R. 644, 648 (1991).
 
 Suitability Determination
 
 5
 Mr. Callari argues that DEA made a de facto suitability determination by burying his file in order to avoid the procedural protections of a formal suitability determination. He argues that this de facto suitability determination is within the Board's jurisdiction pursuant to 5 C.F.R. Sec. 1201.3(a)(7). Mr. Callari relies primarily on the elapsed time and an internal memorandum that notes his failing a pre-employment physical test and his DOL termination. The memo further states that Mr. Callari "is not the type of individual we are seeking for any position in DEA." DEA responds that the delay was due to a hiring freeze and that Mr. Callari is still on its list of qualified candidates.
 
 
 6
 Even if we were to recognize jurisdiction based on a de facto suitability determination, Mr. Callari has failed to carry his burden of proving jurisdiction. There is substantial evidence to support the Board's factual determination that DEA has simply not selected Mr. Callari for a position, as opposed to making a de facto unsuitability determination. See Stiles v. Department of the Navy, 36 M.S.P.R. 646, 648 (1988). DEA's concern about Mr. Callari's DOL termination is related to one of the suitability criteria--Mr. Callari's prior work history. 5 C.F.R. Sec. 731.202. However, DEA's concern about Mr. Callari's failing the pre-employment physical test is related to Mr. Callari's qualifications and not his suitability. See Harrington v. Department of the Army, 19 M.S.P.R. 571, 573 (1984) ("[S]uitability disqualification actions are ... based on the conduct of an individual ... and not on his or her lack of skills, education or experience [i.e., qualifications]."). The Board also considered whether the delay was due to a hiring freeze as opposed to DEA's avoiding a formal suitability determination. After considering these factors, the Board decided that there had not been a suitability determination. We must affirm this decision where it is based on such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We find there is substantial evidence and affirm the Board's decision that it did not have jurisdiction based on a de facto suitability determination.
 
 Rescinded Offer
 
 7
 Mr. Callari argues that the Board has jurisdiction under 5 C.F.R. Sec. 1201.3(a)(8)(ii) because the offer was rescinded after he had reached appointee status. However, we affirm the Board's decision that it did not have jurisdiction, regardless of whether Mr. Callari was an appointee, because Mr. Callari failed to prove that he was a probationary employee within the scope of Sec. 1201.3(a)(8)(ii). This court has stated, "There is a clear difference between being an appointee and an employee, and the lines are drawn by [5 U.S.C. Sec. 2105]. One may be an appointee and never achieve the status of employee." McCarley v. Merit Sys. Protection Bd., 757 F.2d 278, 280 (Fed.Cir.1985), overruled on other grounds by, Hagmeyer v. Department of the Treasury, 852 F.2d 531 (Fed.Cir.1988). To be a "federal employee," a person must meet all the requirements of Sec. 2105 which include not only an appointment, but performance of a federal function and supervision by another federal employee. McCarley, 757 F.2d at 280. Even if Mr. Callari was an appointee, he could not have satisfied the remaining federal employee requirements because he never entered duty. Therefore, the Board does not have jurisdiction based on DEA rescinding its offer.
 
 Conclusion
 
 8
 Mr. Callari has not proved any basis for the Board's jurisdiction, and allegations of prohibited personnel practices do not provide an independent source of Board jurisdiction. Saunders v. Merit Sys. Protection Bd., 757 F.2d 1288, 1290 (Fed.Cir.1985). Further, Mr. Callari has not proved that the Board erred by exercising its discretion and denying a hearing based on "non-frivolous jurisdictional allegations [that] cannot be decided on written submissions alone." Sannier v. Merit Sys. Protection Bd., 931 F.2d 856, 859 (Fed.Cir.1991). Therefore, we affirm.
 
 
 9
 AFFIRMED.