**Chester A. WALLACE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3274.**

United States Court of Appeals, Federal Circuit.

March 18, 2002.

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Elizabeth G. Candler, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Di-

rector; and Robert E. Kirschman, Jr., Assistant Director.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Chester A. Wallace petitions for review of the final decision of the Merit Systems Protection Board denying his petition for enforcement of the Board's final order in *Wallace v. OPM*, No. 831M–00–0094–I–1, slip op. at 6 (MSPB Apr. 17, 2000) ("*Wallace I*"), in which the Board ordered OPM to pay Wallace back retirement benefits. Wallace asserted that the Board's order also entitles him to interest on those benefits pursuant to the Back Pay Act, 5 U.S.C § 5596. *Wallace v. OPM*, No. DE–831M–00–0094–C–1, slip op. at 3 (M.S.P.B. Oct.11, 2000) ("*Wallace II*"). Because the Board did not err in denying his petition for enforcement, we affirm.

## BACKGROUND

Mr. Wallace was separated from the U.S. Geological Survey on October 15, 1995, pursuant to a reduction in force. *Wallace I* at 2. He received a discontinued service annuity based on his creditable Federal service. *Id.* In 1997, OPM recalculated Wallace's creditable service periods and reduced his service credit, thereby reducing his monthly annuity. *Id.* at 3–4. Wallace appealed to the Board, which reversed OPM's decision that Wallace had been overpaid retirement benefits. *Id.* at 6. The Board ordered OPM to restore his creditable service and the amount of his monthly annuity as it had been originally calculated. *Id.* at 6.

OPM subsequently paid Wallace back benefits for the time during which his annuity had been paid at the incorrectly reduced rate. *Wallace II* at 2. It did not, however, pay Wallace interest on those benefits. *Id.* Wallace petitioned for enforcement of the Board's order, arguing that he was entitled to interest on the payments under the Back Pay Act, 5 U.S.C § 5596 (the "Act"). *Id.* The Board held that he was not entitled to interest because "the Back Pay Act is restricted to payment of interest on back pay awards due to unjustified or unwarranted personnel actions taken by employment agencies and that interest is not awardable on back-payments of retirement benefits." *Id.* at 3. Wallace petitioned the full Board for review, which denied his petition, rendering the initial decision final. *Wallace v. OPM*, 90 M.S.P.R. 31, No. DE–831M–11–0094–C–1 (2001). Wallace timely appealed to this court; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Gibson v. DVA*, 160 F.3d 722, 725 (Fed.Cir.1998). We review the Board's statutory interpretation *de novo*. *Nebblett v. OPM*, 237 F.3d 1353, 1356 (Fed.Cir.2001).

■ On appeal, Wallace argues that we should construe the Act as requiring payment of interest on back payments of retirement benefits pursuant to Congress's broad, remedial purposes in passing the

Act. He asserts that the 1999 version of the Act's implementing regulation, 5 C.F.R. § 550.803, provided such coverage, and that OPM's later amendment of that regulation to specifically exclude retirement benefits contravened the purpose of the statute. Furthermore, Wallace argues that the Act should be construed to cover interest payments on back retirement benefits because a contrary interpretation would also preclude payment of the underlying retirement benefits.

We agree with OPM that the Back Pay Act does not authorize payment of interest on back payments of retirement benefits. The Act provides relief in the form of back pay only to "employees" who have suffered from an "unjustified or unwarranted personnel action," as follows:

> (b) (1) An *employee* of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been *affected by an unjustified or unwarranted personnel action* which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

> (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect-

>> (i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period.

5 U.S.C. § 5596 (2000) (emphases added). An employee who has been affected by an "unjustified or unwarranted personnel action" is further entitled to interest on the pay that would have been received had the personnel action not occurred. *Id.* § 5596(b)(2)(A) ("An amount payable under paragraph (1)(A)(i) of this subsection shall be payable with interest."). However, Wallace is not an employee as defined by the applicable statute.

■ An "employee" is defined as "an individual who is ... engaged in the performance of a Federal function under authority of law or an Executive act." *Id.* § 2105(a)(1)-(2) (2000). Because the Act waives the government's sovereign immunity only with respect to covered employees, we must strictly construe the meaning of the term "employee" in favor of the sovereign. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." (citations omitted)). We therefore interpret the Act as applying only to payments made to individuals on account of unjustified or unwarranted personnel actions that occurred while those persons were "employees," *i.e.*, individuals engaged in the performance of a federal function. Walllace was not such a person when he was retired. Even if OPM's determination in 1997 that Wallace had been overpaid annuity benefits were considered to have been an unjustified personnel action, it was made after Wallace's separation from service. Wallace, as a retired employee, is accordingly not an "employee" covered by the Act, and thus is not entitled to interest on retirement benefits under § 5596(b)(2)(A).

Although we view the statutory language as clear, to the extent that it may be

ambiguous, we will defer to OPM's interpretation of the Act unless it is "procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute." *See United States v. Mead Corp.*, 533 U.S. 218, 227, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). OPM, pursuant to its express authority to prescribe regulations for the Act under 5 U.S.C. § 5596(c), has similarly interpreted the Act as excluding retirement benefits in the current regulation 5 C.F.R. § 550.803, which is an amendment of the 1999 version of that regulation:

> Pay, allowances, and differentials means pay, leave, and other monetary employment benefits to which an employee is entitled by statute or regulation and which are payable by the employing agency to an employee during periods of Federal employment.... *Monetary benefits payable to separated or retired employees based upon a separation from service, such as retirement benefits,* severance payments, and lump-sum payments for annual leave, *are not covered.*

5 C.F.R. § 550.803 (2001) (emphases added). Thus, OPM has interpreted the Act to be limited to employees who have suffered from an adverse personnel action during a period of federal employment.

We disagree with Wallace that OPM's amendment to the 1999 regulation excluding retirement benefits contravened Congress's broad remedial purposes for the Act. The 1999 regulation defined "[p]ay, allowances, and differentials" as "monetary and employment benefits to which an employee is entitled by statute or regulation by virtue of the performance of a Federal function." 5 C.F.R. § 550.803 (1999).

Like the current regulation, the 1999 regulation tied back pay awards to periods of active employment, *i.e.,* "performance of a Federal function." Indeed, in its final rulemaking, OPM explained that the amendment reflected its interpretation of the Act as only applying to payments in connection with periods of active employment.

> *Regarding the exclusion of post-separation benefits, the proposed definition reflects OPM's interpretation of the back pay law.* ... We believe the term "employee" clearly refers to an individual currently employed by a Federal agency, consistent with the definition in 5 U.S.C. 2105. (This would include both an individual who was actually employed or who was deemed to be employed based on a retroactive reinstatement.) Furthermore, the terms "personnel action" and "pay, allowances, and differentials" are commonly used in connection with individuals in an *active employment status.*

Miscellaneous Changes in Compensation Regulations, 64 Fed.Reg. 69,164, 69,169–170 (Dec. 10, 1999) (codified at 5 C.F.R. § 550.803) (emphases added).

Moreover, although OPM's definition of the term "employee" also includes "former employees," it does so only for the limited class of former employees who claim entitlement to payment in connection with an unjustified personnel action that occurred during a period of active employment: "Employee means an employee of an agency. When the term employee is used to describe an individual who is making a back pay claim, it also may mean a former employee." 5 C.F.R. § 550.803 (2001). OPM explained the Act's limited coverage of former employees as follows:

> It is true that the existing back pay regulations define the term *employee* to

mean an "employee or former employee of an agency." However, OPM understands the reference to a "former employee" as merely making clear that an individual separated from Federal service may file a claim for and receive back pay *for periods of actual or deemed employment.*

64 Fed.Reg. at 69,170 (emphases added). OPM interprets the Act as excluding the claims of former employees such as Wallace whose claims for pay were not in connection with a period of active employment; we conclude that that interpretation is not procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute. The payments to Wallace were therefore not covered by 5 U.S.C. § 5596(b)(1)(A)(i) and did not trigger the interest provision in § 5596(b)(2)(A).

Finally, we reject Wallace's argument that the Act should be construed to authorize payment of interest on back retirement benefits because such authorization is necessary for payment of the underlying benefits. Wallace did not obtain his back retirement benefits under the Back Pay Act. As OPM correctly asserts, the Board ordered OPM to restore Wallace's back retirement pay pursuant to the Board's enforcement authority under 5 U.S.C. § 1204(a)(2), not the Back Pay Act. As we have explained, the Act's interest provision only applies to claims for pay in connection with an unjustified personnel action made during a period of active employment. The Act did not serve as the basis for the Board's authority to order payment of Wallace's back retirement benefits, nor does it authorize payments for interest on those benefits.

## CONCLUSION

Because the Board correctly interpreted the Back Pay Act as excluding back pay-

ments of retirement benefits, and no other entitlement to interest on such payments has been shown, we conclude that the Board's denial of Wallace's petition for enforcement for interest on his retirement benefits was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. We therefore

*AFFIRM.*