Lawrence J. **AINSLIE**, Plaintiff–
Appellant,

v.

**UNITED STATES**, Defendant–Appellee.

No. 03–5068.

United States Court of Appeals,
Federal Circuit.

Jan. 23, 2004.

Rehearing Denied March 18, 2004.

Daniel M. Schember, Gaffney & Schember, P.C., of Washington, DC, argued for plaintiff-appellant.

Hillary A. Stern, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were David M. Cohen, Director; and James M. Kinsella, Deputy Director.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

Lawrence J. Ainslie appeals from a decision by the United States Court of Federal Claims to dismiss his claims for back pay for failure to state a claim upon which relief could be granted. *Ainslie v. United States,* 55 Fed. Cl. 103 (2003). For the reasons discussed in this opinion, we affirm.

## BACKGROUND

Ainslie was employed by the National Guard as a technician until December 31, 1994, when he was involuntarily separated from service under 32 U.S.C. § 709. In the light of his imminent separation, Ainslie applied for a competitive service appointment with the Department of Defense on December 14, 1994. Under 5 U.S.C. § 3329(b) (1994), Ainslie should have been offered a new job no later than six months after his application date. He did not receive an offer until November 1995, however, for employment to commence January 8, 1996, nearly one year after his involuntary separation. He apparently did not accept the offer until the commencement day, at which time he immediately began work. *Kramer v. Sec'y of Def.*, 39 F.Supp.2d 54, 60 n. 5 (D.D.C.1999).

Ainslie, along with other similarly situated National Guard plaintiffs, commenced an action in the United States District Court for the District of Columbia, to have their service record revised to show an earlier effective appointment date, corresponding to when they claim they should have been appointed. *Id.* at 55–56. In that action, the plaintiffs moved for a judgment on the pleadings while the defendant cross-moved to dismiss the plaintiffs' complaint. The district court granted plaintiffs' motion and ordered, among other things, the defendant to revise the effective date of Ainslie's "competitive service appointment to July 31, 1995."[1] *Id.* at 55. The defendant revised the effective date of Ainslie's appointment, but refused to give him back pay for the period between the date of his revised effective service appointment, July 31, 1995, and the date his actual employment began, January 8, 1996.

Ainslie commenced a lawsuit in the United States Court of Federal Claims against the Department of Defense to recover the back pay. The Court of Federal Claims held that Ainslie was not an "employee," as defined by 5 U.S.C. § 2105, and therefore he was not entitled to back pay for the period after his appointment until he actually began work. *Ainslie*, 55 Fed. Cl. at 106–08. Because Ainslie was not an "employee" during the period that he sought back pay, the court concluded that he failed to state a claim upon which relief could be given and granted defendant's motion to dismiss the case. We have jurisdiction to hear Ainslie's appeal of the final judgment from the Court of Federal Claims, pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

### I. Standard of Review

■ Decisions dismissing a complaint and interpretations of statutes by the Court of Federal Claims are questions of law and reviewed by this court de novo. *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1286–87 (Fed.Cir.1999); *Kane v. United States*, 43 F.3d 1446, 1448 (Fed.Cir.1994). Dismissal under Court of Federal Claims Rule 12(b)(6) is appropriate when the facts as asserted do not entitle the claimant to a legal remedy. *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed.Cir.2003). In evaluating such a motion, the court must accept all well-pled factual allegations as true and draw all reasonable inferences in the plaintiffs favor. *Id.*

---

1. Under § 3329(b), Ainslie should have been "offered a position" by June 24, 1995. The district court assumed that had Ainslie been timely made an offer he would have taken the same amount of time to accept the offer, as he did between November 1995 and January 1996. Thus, the district court held that his appointment should have been effective by July 31, 1995. *Kramer*, 39 F.Supp.2d at 60 n. 5

**1374**

## II. Analysis

■ Ainslie seeks pay for the time that he believes he should have been employed had the defendant complied with § 3329. Ainslie argues that under his "particular employment category" he was entitled to be paid, pursuant to 5 U.S.C. § 5343(a), from the date of his revised appointment date, and that the defendant's failure to pay him constitutes "an unjustified or unwarranted personnel action" that gives rise to his present claim under the Back Pay Act ("the Act"). *See* 5 U.S.C. § 5596(b)(1)(A)(i) (2000). The Act provides, in pertinent part, that:

> [a]n *employee* of an agency who … is found by appropriate authority under applicable law, rule, regulation or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee is entitled … to receive for the period for which the personnel action was in effect an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred.

*Id.* (emphasis added). For purposes of Title 5, under which the Act is codified, "employee" is defined to mean "an officer and an individual" who is (1) "appointed in the civil service" by one of several listed officials, (2) "engaged in the performance of a Federal function under authority of law or an Executive act," and (3) "subject to the supervision of [the appointing official] while engaged in the performance of the duties of his position." *Id.* § 2105(a) (1994). Although Ainslie fails to actually meet either the second or third prong of the tripartite definition, he contends that he should be deemed employed from July

31, 1995, based on the district court's holding that he was entitled to be appointed as of that date. Despite the limited language of the district court judgment stating merely that his appointment date would be revised, Ainslie suggests that the district court "intended to award [him] employment retroactive to July 31, 1995."

Essentially, Ainslie seeks to erase the distinction between being appointed and being employed. He argues that any difference between the two terms should be treated as merely semantic. In *McCarley v. Merit Systems Protection Board,* 757 F.2d 278, 280 (Fed.Cir.1985), *overruled on other grounds by Hagmeyer v. Dep't of Treasury,* 852 F.2d 531 (Fed.Cir.1988), this court rejected such an argument. In there we noted that:

> there is a clear difference between being an appointee and an employee, and the lines are drawn by section 2105. *One may be an appointee and never achieve the status of employee. There are three elements to the statute and all must be complied with to achieve the status of an employee.*

*McCarley,* 757 F.2d at 280 (emphasis added); *see also Watts v. Office of Pers. Mgmt.,* 814 F.2d 1576, 1579 (Fed.Cir.1987).

■ Moreover, because the Act waives the government's sovereign immunity, determining whether Ainslie is entitled to damages for the period of his retroactive employment under the Act must be strictly construed, in terms of its scope, in favor of the sovereign. *Wallace v. Office of Pers. Mgmt.,* 283 F.3d 1360, 1362 (Fed. Cir.2002) (citing *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)). Each of the enumerated elements that is required has independent significance and must be strictly applied. *Horner v. Acosta,* 803 F.2d 687, 691 (Fed.Cir. 1986). Here, Ainslie did not become engaged in the performance of a federal

function, subject to the supervision of an appointing official, until January 8, 1996, when he reported for duty. The district court's judgment revising Ainslie's appointment date to July 31, 1995, cannot make up for either of the missing qualifications required to meet the statutory definition of an employee. Because Ainslie cannot meet the qualifications required to be an "employee," within the meaning of § 2105(a) here, back pay cannot be awarded to him, pursuant to § 5596. *McCarley,* 757 F.2d at 280.

 Ainslie also emphasizes that § 3329, as found by the district court, was enacted by Congress for "employees facing separation as indicated by its further directions to ensure ... alternative employment." *See Kramer,* 39 F.Supp.2d at 58. From this finding and the judgment ordering the defendant to revise Ainslie's appointment date, Ainslie reasons that § 3329 obligated the government to employ him at the appointment date and provide him all benefits therefrom, including back pay. We are mindful that "[w]aivers of sovereign immunity, so as to permit suit for money damages and to confer jurisdiction upon [a] specific tribunal, *must be explicit.*" *Smith v. United States,* 8 Cl.Ct. 69, 72 (1985) (emphasis added) (citing *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Ainslie conceded at oral argument that § 3329 contains no remedial language to recover money damages if the federal government fails to comply with the statute. We decline to adopt Ainslie's effort to read into the statute the remedy he now seeks.

Lastly, while § 5343(a) is a money-mandating statute, *Averi v. United States,* 23 Cl.Ct. 127, 135 (1991), it applies only to "prevailing rate employees." *See* 5 U.S.C. § 5343(a). For the same reasons expressed above, Ainslie cannot invoke § 5343 because he was not an employee within the meaning of Title 5 during the period that he seeks back pay.

### CONCLUSION

For the foregoing reasons, we affirm the Court of Federal Claims decision.

*AFFIRMED.*