**Richard HAKA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 12–499C.**

United States Court of Federal Claims.

Oct. 26, 2012.

---

Richard Haka, appearing pro se, Washington, D.C.

Elizabeth Anne Speck, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Plaintiff Richard Haka filed a *pro se* complaint in this Court on July 31, 2012. Pl.'s Compl. 1. Mr. Haka seeks to enjoin the Transportation Security Administration ("TSA") from enforcing certain airport passenger screening policies. *See* Pl.'s Compl. 1 (TSA created "intrusive and restrictive" policies leading to surrender of personal property and disabling transportation); Def.'s Mot. to Dismiss 5. On September 19, 2012, the Government filed a motion to dismiss Mr. Haka's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss 1. The Government

contends that the Court lacks subject matter jurisdiction over Mr. Haka's claims because (1) he requests injunctive relief, which can only be granted by the Court if it is "an incident of and collateral to any [monetary] judgment," (2) he failed to plead a money-mandating basis for relief for his constitutional claims, and (3) the Court has no jurisdiction over the Hobbs Act claims because they either allege criminal violations or sound in tort. *Id.* For the reasons stated below, the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## Background

Mr. Haka alleges that TSA violated his rights by preventing airport travelers from carrying "common goods and items necessary to reasonable lifestyle with the individual, [including] scissors and other sharp objects." Pl.'s Compl. 1. In his complaint, Mr. Haka also claims that TSA violated his constitutional right to travel and TSA's actions constituted an unreasonable search and seizure. Pl.'s Compl. 1–3. Finally, Mr. Haka alleges that TSA's actions deprived him of property and constituted extortion under the Hobbs Act, 18 U.S.C. §§ 1951–1960 (2006). Pl.'s Compl. 4.

## Discussion

I. *Standard for Motion to Dismiss Under RCFC 12(b)(1)*

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Ainslie v. United States,* 355 F.3d 1371, 1373 (Fed.Cir. 2004) (citing *Godwin v. United States,* 338 F.3d 1374, 1377 (Fed.Cir.2003)). Though *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. *Hampel v. United States,* 97 Fed.Cl. 235, 237 (2011) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988).

II. *Analysis*

Under the Tucker Act, the Court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Court does not have authority to award injunctive relief that is not "an incident of and collateral to any such [money] judgment." § 1491(a)(2); *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998).

Here, Mr. Haka seeks equitable relief to enjoin the TSA from conducting future intrusive searches and seizures. *See* Pl.'s Compl. 1; Def.'s Mot. to Dismiss 5. Where equitable relief is sought, the Court only possesses subject matter jurisdiction if the "non-monetary relief … is tied and [is] subordinate to a money judgment." *James,* 159 F.3d at 580 (quoting *Austin v. United States,* 206 Ct.Cl. 719, 723 (1975)). The only relief Mr. Haka seeks is an injunction against "intrusive search & seizure," Pl.'s Compl. 1, which is not tied to any claim for monetary damages, *see* Pl.'s Resp. 1. Thus, the Court has no authority to decide Mr. Haka's complaint and must dismiss for lack of subject matter jurisdiction.

Moreover, claims brought under the Tucker Act can only be heard by the Court if a plaintiff identifies a money-mandating statute and falls within the class of persons that the statute permits to recover. *Jan's Helicopter Serv., Inc. v. FAA,* 525 F.3d 1299, 1308 (Fed.Cir.2008). If the plaintiff does not seek relief under a money-mandating statute, the claim should be dismissed for lack of subject matter jurisdiction. *Id.* Here, Mr. Haka brings claims under the United States Constitution that the TSA violated his right to travel under the First Amendment, U.S. Const. amend. I, and his right to be free from unreasonable searches and seizures under the Fourth Amendment, U.S. Const. amend. IV. These claims do not identify a money-mandating statute because nothing in

the language of either the First or Fourth Amendment obligates the Government to pay money damages. *See Achenbach v. United States,* 56 Fed.Cl. 776, 777 n. 1 (2003) (discussing First Amendment); *Fry v. United States,* 72 Fed.Cl. 500, 507 (2006) (discussing Fourth Amendment). Because none of the bases for Mr. Haka's claims gives rise to mandatory monetary payments from the United States, there is no jurisdiction for this Court to hear the claims.

The Court also cannot decide Mr. Haka's Hobbs Act claims because they either involve criminal code violations or sound in tort. This Court has no jurisdiction to decide claims involving violations of the criminal code, *Hufford v. United States,* 87 Fed. Cl. 696, 702 (2009), or claims sounding in tort, *Rick's Mushroom Service, Inc. v. United States,* 521 F.3d 1338, 1343 (Fed.Cir.2008). Accordingly, these claims must also be dismissed for lack of subject matter jurisdiction.

### Conclusion

Based on the foregoing, Mr. Haka's motion for an injunction is DENIED, and the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

IT IS SO ORDERED.