NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**AGENCY FOR INTERNATIONAL DEVELOPMENT,**
*Respondent.*

---

2013-3068

---

Petition for review of the Merit Systems Protection Board in No. PH3330120145-I-1.

---

Decided:  October 16, 2013

---

RAKHMATULLA ADATOV, of Plainville, Connecticut, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Rakhmatulla Asatov seeks review of a final decision of the Merit Systems Protection Board ("Board") affirming an initial decision by an Administrative Judge ("AJ") denying his request for corrective action under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *Asatov v. Agency for Int'l Dev.*, PH-3330-12-0145-I-1, (M.S.P.B. May 14, 2012) ("AJ Op."); *Asatov v. Agency for Int'l Dev.*, PH-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-I-1 (M.S.P.B. Jan. 2, 2013) ("Board Op."). For the reasons set forth below, we *affirm.*

## BACKGROUND

In 2011, Mr. Asatov applied for a position as a Foreign Service Officer Program Economist with the U.S. Agency for International Development ("AID"). The announcement stated that the minimum qualifications required the position were: (1) a graduate level degree (master's or doctorate) in economics, agricultural economics, or public policy, or in a related field equivalent to a graduate economics program; and (2) successful completion of one or more years of graduate-level coursework in economics in each of the following fields: (a) microeconomic theory or applied microeconomics; (b) macroeconomic theory; and (c) statistics, econometrics, or quantitative methods.

Mr. Asatov applied to the position and submitted a report from the Educational Credential Evaluators, Inc. stating that the degree Mr. Asatov obtained in 1995 in Russia at the Moscow Institute of Management would be equivalent to a Bachelor's degree in Business Administration with a specialization in Urban Planning, and a Master's degree in Business Administration.

The company that maintains AID's online job application system initially gave Mr. Asatov's application a score of 94. Because Mr. Asatov is a preference-eligible veter-

an, AID added five points to his score, raising it to 99. The cutoff score for proceeding to a second round of evaluation was 95, and Mr. Asatov was therefore referred to subject matter experts, who determined that he was not one of the best qualified applicants. Mr. Asatov was not interviewed and was removed from consideration.

On December 13, 2011, Mr. Asatov filed a veterans' preference complaint with the Department of Labor ("DOL"). DOL investigated Mr. Asatov's complaint and determined that AID did not violate his veterans' preference rights and that his non-selection was based on his qualifications.

On January 16, 2012, Mr. Asatov filed a VEOA appeal with the Board alleging that AID violated his veterans' preference rights. Specifically, as relevant here, Mr. Asatov asserted violations of 5 U.S.C. §§ 3308 and 3318. The AJ decided not to hold a hearing because the issues were purely legal. The AJ determined that Mr. Asatov's veterans' preference rights in applying for the Foreign Service appointment were governed by 22 U.S.C. § 3941(c), and that AID complied with this section, and thus complied with the VEOA, by adding five points to his initial score of 94. *See* AJ Op. at 5.

Mr. Asatov appealed the AJ's decision to the full Board. Mr. Asatov argued that the AJ erred in not addressing his arguments under 5 U.S.C. §§ 3308 and 3318. The Board noted that the Foreign Service Act provides a separate statutory hiring authority for Foreign Service employees, and that much of title 5 does not apply to them. *See* Board Op. at 3 (citing 22 U.S.C. §§ 3941-3952). According to the Board, Mr. Asatov "received every consideration he was entitled to receive as a veteran," and therefore it was not necessary for the AJ to address whether Title 5 applied. *Id.* at 4. The Board also rejected Mr. Asatov's argument that the AJ abused her discretion by not conducting a hearing. The Board noted that a VEOA com-

plainant does not have an unconditional right to a hearing, and because there were no genuine issues of material fact, the Board concluded that the AJ's decision was correct as a matter of law. *Id.* at 5-6.

Mr. Asatov timely sought review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may reverse the Board's final decision only if we determine that it is (1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 5503(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). We review the Board's statutory interpretation *de novo*. *Wallace v. OPM*, 283 F.3d 1360, 1361 (Fed. Cir. 2002).

Under the VEOA, a preference eligible veteran who alleges that an agency has violated his or her rights "under any statute or regulation related to veterans' preference," and who has exhausted those rights under that section before DOL, may file an appeal with the Board. *See* 5 U.S.C. § 3330(a)(1). Mr. Asatov argues that AID violated his veterans' preference rights: (1) by setting minimum qualification requirements for the Foreign Service Officer position in contravention of 5 U.S.C. § 3308 and 5 C.F.R. § 302.202, and rejecting his application on the basis of his qualifications; and (2) by "passing over" him and selecting six non-preference eligibles for interview without filing written reasons with the Office of Personnel Management (OPM), in contravention of 5 U.S.C. § 3318(a). *See* Appellant's Informal Brief (App. Br.) at 9, 12-14.

The VEOA does not generally accord any special treatment to veterans who are deemed unsuitable to hold

a particular position. *See Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) ("[T]he VEOA does not enable veterans to be considered for positions for which they are not qualified."). Nonetheless, Mr. Asatov can establish a VEOA claim if he demonstrates that AID did not follow applicable veterans' preference statutes or regulations when it determined that he was not one of the best qualified candidates for the Foreign Service Officer position. *See id.* at 1321. It is undisputed that 22 U.S.C. § 3941(c), which provides that veteran status "shall be considered an affirmative factor" in making appointments to the Foreign Service, is applicable here. We agree with the Board that AID complied with this provision by adding five points to Mr. Asatov's examination score. Board Op. at 3.

We also agree with the Board that Mr. Asatov "received every consideration he was entitled to receive under VEOA." Board Op. at 4. As the AJ noted, the Foreign Service has its own appointment authority (22 U.S.C. §§ 3941-3952), compensation system (22 U.S.C. § 3961-3974), forum for appealing personnel actions (22 U.S.C. § 4131-4140), and retirement system (22 U.S.C. § 4041-4069c-1), separate from those set forth in Title 5 for the majority of the civil service. AJ Op. at 2. Although the Foreign Service is to be administered "to the extent practicable in conformity with general policies and regulations of the Government," 22 U.S.C. § 3925, we have held that particular sections of Title 5 may not apply to executive agencies where "overriding provisions of law" exist. *See James v. Von Zemensky*, 284 F.3d 1310, 1320 (Fed. Cir.), *reh'g denied*, 301 F.3d 1364 (Fed. Cir. 2002). As relevant to Mr. Asatov's case, the Foreign Service Act directly addresses veterans' preference and requires only that veterans' preference be "an affirmative factor" under the appointment procedures applicable to the Foreign Service. 22 U.S.C. § 3391(c). Therefore, the Board is correct that AID was not required to comply with any

other provisions of Title 5 relating to veterans' preference, or with regulations in 5 C.F.R. part 302. *See* 5 C.F.R. 302.101(a) (providing that veteran preference regulations in part 302 apply to excepted positions "subject to a statutory requirement to follow the veteran provisions of title 5").

Mr. Asatov also argues that AID violated his veterans' preference rights by failing to administer a "written examination" as required by 22 C.F.R. § 11.1. App. Br. at 12. It appears from the record that this argument was not raised below, and we therefore decline to address it here. *See Simmons v. Dep't of the Army*, 194 F.3d 1331 (Fed. Cir. 1999).

Finally, Mr. Asatov argues that the AJ erred in declining to hold a hearing to resolve factual disputes. Specifically, Mr. Asatov contends that the fact that his name was placed on the list of eligibles means that he met the minimum qualifications, and therefore shows that his qualifications cannot have been the basis for his non-selection. *See* App. Br. at 15-16. But even if this issue was disputed, it is not material. The VEOA does not give the Board authority to determine whether AID's decision was proper; only whether the agency violated applicable veterans' preference rights. *See* 5 U.S.C. § 3330(a)(1)(A). Given the AJ's findings that Mr. Asatov received veterans' preference and was not selected for interview because he was not one of the best qualified candidates, there was no need for the AJ to hold a hearing to resolve any alleged factual disputes regarding AID's decision not to interview Mr. Asatov.

## CONCLUSION

Because we perceive no legal error in the proceedings below, we *affirm* the Board's final decision that Mr. Asatov is not entitled to corrective action under the VEOA.

**AFFIRMED**

Costs

Each party shall bear its own costs.