# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAKHMATULLA ASATOV,<br> Petitioner,<br><br> v.<br><br>OFFICE OF PERSONNEL<br> MANAGEMENT,<br> Agency,<br> and<br>AGENCY FOR INTERNATIONAL<br>DEVELOPMENT,<br> Agency. | DOCKET NUMBER<br>CB-1205-15-0039-U-1<br><br><br>DATE: May 6, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rakhmatulla Asatov, Plainville, Connecticut, pro se.

Julie Ferguson Queen, Washington, D.C., for the Office of Personnel Management.

Frank Max Walsh, Esquire, Washington, D.C., for the Agency for International Development.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1  The petitioner asks the Board to review regulations of the Office of Personnel Management (OPM), which he contends are invalid on their face or as applied to him by the Agency for International Development (AID). For the reasons discussed below, we find that the petitioner has failed to state a claim of facial invalidity within the Board's regulation review jurisdiction and we decline to review the petitioner's invalid implementation claim.

**DISCUSSION**

¶2  The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision, if implemented by an agency, would on its face require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice. 5 U.S.C. § 1204(f)(2)(B).

¶3  The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation has required, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take. 5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶4    The regulations challenged by the petitioner are 5 C.F.R. § 332.406(e) and 5 C.F.R. parts 1 and 211.  Regulation Review File (RRF), Tab 1 at 8, Tab 5 at 3. Regarding the first provision, the petitioner contends that section 332.406(e) is invalid on its face because it allows employees to avoid compliance with 5 U.S.C. § 2302(b)(11), which prohibits taking an action that would result in violating a veterans' preference requirement (or failing to take an action where such failure would have that result).  The petitioner alleges that the regulation has this effect as to the requirements in 5 U.S.C. § 3318(b) concerning an appointing agency's passing over of a preference‑eligible veteran on a certificate of eligibles for a position to select an individual who is not preference eligible.  The statute requires that an agency must request approval by OPM of its reasons for the pass over of a preference eligible and must comply with OPM's findings concerning the sufficiency of those reasons.[2]  The petitioner also contends that this regulation has been invalidly implemented by AID in passing over preference eligibles on a certificate for inadequate reasons—in his case, on the basis of his failure to meet educational requirements.[3]  RRF, Tab 1 at 8.

¶5    5 C.F.R. § 332.406 (Objections to eligibles) is a regulation implementing section 3318(b).  Section 332.406(c) states that OPM or an agency with delegated authority must find that the sufficiency of the reasons for a pass over is supported by the evidence submitted before an agency may pass over a preference eligible. Section 332.406(d) provides that the agency may not make a selection of another individual for the position until a final ruling on its request for a pass over of the

---

[2] In the case of a preference eligible with a compensable service-connected disability of 30% or more, the statute also requires the agency to notify the preference eligible of the reasons for the proposed pass over and of his right to respond to such reasons to OPM within 15 days of the notification.  5 U.S.C. § 3318(b)(2).

[3] The petitioner attached the decision in his appeal under the Uniformed Services Employment and Reemployment Rights Act, which rejected his claim that his nonselection by AID for failure to meet educational requirements discriminated against him based on his military status.  *Asatov v. Agency for International Development*, MSPB Docket No. PH‑43324-13-0150-I‑1, Initial Decision (Apr. 18, 2013).

preference eligible is granted. The regulation cited by the petitioner, section 332.406(e), provides:

> ***Applicability of paragraphs (c) and (d).*** Paragraphs (c) and (d) of this section do not apply *if the agency has more than one position to fill from the same certificate and holds open* (in the event the objection is not sustained or the pass over request is denied) *a position that could be filled* by the individual against whom an objection or a pass over request has been filed.

(emphasis added). The petitioner has met the requirement that he identify a specific prohibited personnel practice (section 3202(b)(11)), which he apparently contends the challenged regulation requires an employee to commit.[4] However, the petitioner has not described in detail how section 332.406(e) would require such a violation. The evident purpose of the regulation is to permit the agency to fill some positions while ensuring that a position remains open to *protect* the rights of the preference eligible to a selection, should the agency's request for a pass over be denied. Because the petitioner has not explained how the regulation would have the opposite effect of denying veterans' preference, he has failed to state a claim of facial invalidity within the Board's jurisdiction under 5 U.S.C. § 1204(f).

¶6      As noted above, the petitioner also alleges that AID has invalidly implemented both section 332.406(e) and 5 C.F.R. parts 1 and 211 because it passed him over for failure to meet educational requirements for the position he sought. RRF, Tab 1, Tab 5. The Board's authority to grant a petition for regulation review is discretionary, and the Board has established prudential criteria for declining to exercise its discretion. *See McDiarmid v U.S. Fish & Wildlife Service*, 19 M.S.P.R. 347, 349 (1984). Two of these criteria provide a clear basis for denying review of the petitioner's challenge to the agency's implementation of these regulations: the likelihood that a given issue will be

---

[4] The petitioner's request for review stated that the regulation "allows" violations of section 2302(b)(11), an assertion which is less than the statute requires. We will give him the benefit of the doubt and assume he intended to allege the statutory standard.

reached in a timely fashion through ordinary channels of review and the availability of other equivalent remedies. *Id.* The petitioner in fact has already filed another Board appeal under the Veterans' Employment Opportunity Act in which he challenged the same nonselection by AID in dispute here and in which he raised the same issue, whether the agency's action violated the pass over requirements of 5 U.S.C. § 3318(b).[5] Thus, the issue raised was actually addressed,[6] and had the petitioner prevailed he could have obtained any remedy available in a regulation review proceeding. Accordingly, the Board finds it appropriate to exercise its discretion not to review the petitioner's invalid implementation claim.

¶7        This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[5] Although the specific regulations cited by the petitioner here were not addressed in his Board appeal, the underlying issue in both cases is the petitioner's claim that the agency violated the pass over requirements of section 3318(b) and therefore committed a violation of section 2302(b)(11). The regulations cited by the petitioner here add nothing to his veterans' preference claim.

[6] The Board denied the petitioner's request for corrective action, and its decision was affirmed on his appeal to the U.S. Court of Appeals for the Federal Circuit. *See Asatov v. Agency for International Development*, MSPB Docket No. PH-3330-12-0145-I‑1, Final Order (Jan. 2, 2013), *aff'd*, 542 F. App'x 937 (Fed. Cir. 2013).