NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH ROMAN,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3095

---

Petition for review of the Merit Systems Protection Board in No. CH0841120605-I-1.

---

Decided: December 13, 2013

---

JOSEPH ROMAN, Hudson, Ohio, pro se.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Petitioner Joseph Roman appeals a final decision of the United States Merit Systems Protection Board that upheld the Office of Personnel Management's computation of his survivor benefits under the Federal Employees' Retirement System (FERS). Mr. Roman challenges the statutory interpretation on which OPM relied for its computation, as well as the processes used by OPM and the MSPB to adjudicate his case. For the reasons set out below, we affirm.

## BACKGROUND

Mr. Roman is the surviving spouse of Laurie C. Roman, a former federal employee who died in 1995. We described the history of Mrs. Roman's government service in an earlier case, *Roman v. Central Intelligence Agency*, 297 F.3d 1363, 1364 (Fed. Cir. 2002) (*Roman I*). Mrs. Roman worked full time for the Central Intelligence Agency for six years before entering a period of leave without pay, during which she was diagnosed with non-Hodgkin's lymphoma. After her diagnosis, Mrs. Roman returned to work on a part-time basis and continued in that capacity for two years. She took disability retirement on August 30, 1995, and died on September 9, 1995, at age 31. She is survived by Mr. Roman and the couple's daughter.

Under the FERS, a widower such as Mr. Roman may be entitled to a basic survivor annuity, pursuant to 5 U.S.C. § 8442(a) and (g), and a supplemental survivor annuity, pursuant to section 8442(f). There is no dispute about the calculation of Mr. Roman's basic FERS survivor annuity. Based on our decision in *Roman I*, the parties

agree that Mr. Roman is entitled to a survivor annuity of $681 per month in 1995 dollars.[1]  Mr. Roman was also entitled to Social Security father's benefits until the couple's daughter reached age 16.  *See* 42 U.S.C. § 402(g)(1); *id.* § 402(s)(1).  Although Mr. Roman was not entitled to a FERS supplemental survivor annuity while he was receiving Social Security benefits, *see* 5 U.S.C. § 8442(f)(4)(C), the parties agree that Mr. Roman became eligible for a supplemental annuity in August 2008, when his daughter reached age 16 and his Social Security father's benefits ended.  The parties disagree, however, about how to compute Mr. Roman's supplemental annuity.

On June 10, 2008, as Mr. Roman's daughter was approaching age 16, Mr. Roman asked OPM for a supplemental annuity pursuant to section 8442(f).  OPM responded in a letter dated June 26, 2009, calculating Mr. Roman's monthly supplemental annuity to be $14 per month, payable effective August 1, 2008.  Later, in a decision dated August 28, 2009, OPM revised its calculation down to $9 per month.  Mr. Roman requested reconsideration on September 10, 2009, arguing that his supplemental annuity should be $617 per month.  On June 2, 2010, OPM issued a decision reversing the August 28, 2009, decision and stating that a new decision addressing Mr. Roman's concerns would be forthcoming.  OPM issued the new decision on December 6, 2010, maintaining its $9 calculation.  On December 30, 2010, Mr. Roman appealed that decision to the MSPB.  Reasoning that OPM had not yet issued a final decision, the administrative judge granted OPM sixty days to issue a recon-

---

[1]  The parties agree that both the basic and supplemental annuities are ultimately adjusted for cost-of-living increases, pursuant to 5 U.S.C. § 8462.  For consistency, the annuity amounts discussed here are in 1995 dollars.

sideration decision, which OPM provided on April 21, 2011.

Mr. Roman appealed OPM's decision and made several unsuccessful attempts to compel discovery. On July 13, 2011, the administrative judge issued an initial decision affirming OPM's April 21, 2011, decision. Mr. Roman petitioned for review by the full Board on August 8, 2011, and on March 22, 2012, the Board vacated the administrative judge's initial decision. Questioning whether Mr. Roman should be entitled to a supplemental annuity at all, and also questioning OPM's calculations of Mr. Roman's annuities, the Board directed OPM to issue a new reconsideration decision explaining its findings "in plain English . . . such that a lay person can follow the calculations step by step without cross-referencing materials." *Roman v. Office of Pers. Mgmt.*, No. CH-0841-11-0257-I-1, slip op. at 7 (M.S.P.B. Mar. 22, 2012) (non-precedential order).

OPM issued its new final decision on June 20, 2012. As the Board had directed, the decision explained each of OPM's calculations, including recitations of the relevant statutes. Mr. Roman appealed. Mr. Roman's challenge to the June 20, 2012, decision was received on July 16, 2012, docketed as a new appeal, and assigned to a new administrative judge. Mr. Roman proceeded to file new motions to compel discovery, which the administrative judge denied. Mr. Roman also filed a new brief on the merits. On January 18, 2013, the administrative judge issued an initial decision affirming OPM's June 20, 2012, decision. *Roman v. Office of Pers. Mgmt.*, No. CH-0841-12-0605-I-1 (M.S.P.B. Jan. 18, 2013) (initial decision). That decision became final thirty-five days later, pursuant to 5 C.F.R. § 1201.113. Mr. Roman now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of a final MSPB decision is governed by 5 U.S.C. § 7703(c), which provides that this court shall set aside only those actions, findings, or conclusions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." We review issues of statutory interpretation de novo. *Denney v. Office of Pers. Mgmt.*, 706 F.3d 1360, 1363 (Fed. Cir. 2013).

A

Mr. Roman's appeal on the merits centers on the proper interpretation of 5 U.S.C. § 8442(f), which sets out the calculation of a survivor's supplemental annuity. Section 8442(f)(2) provides that a survivor's supplementary annuity "shall be equal to the lesser of"

> (A) the amount by which the survivor's assumed CSRS [Civil Service Retirement System] annuity exceeds the annuity payable to such survivor under subsection (a); or

> (B) the amount determined under paragraph (3) [an estimate of the survivor's Social Security benefits under certain assumed conditions].

The amount identified in section 8442(f)(2)(B) is not disputed—the parties agree that it would be $782 per month. The parties disagree, however, about the amount of Mr. Roman's assumed CSRS annuity identified in section 8442(f)(2)(A).

A survivor's assumed CSRS annuity is defined in section 8442(f)(5):

> For the purpose of this subsection, the term "assumed CSRS annuity", as used in the case of a survivor, means the amount of the annuity to

which such survivor would be entitled under sub-chapter III of chapter 83 of this title *based on the service of the deceased annuitant*, determined--

(A) as of the day after the date of the annuitant's death;

(B) as if the survivor had made appropriate appli-cation therefor; and

(C) as if the service of the deceased annuitant were creditable under such subchapter.

(Emphasis added.) The parties' disagreement about the amount of Mr. Roman's assumed CSRS annuity comes down to a dispute about the meaning of the term "ser-vice." In its June 20, 2012, decision, OPM noted that "service" is defined by 5 U.S.C. § 8401(26) to mean "ser-vice which is creditable under section 8411," which OPM concluded includes time Mrs. Roman actually worked, plus a portion of the time she was on leave without pay—a total of 9 years and 3 months. The administrative judge's decision now on appeal affirmed that conclusion. Mr. Roman does not dispute that Mrs. Roman's actual service plus creditable time for leave without pay equals 9 years, 3 months, but contends that Mrs. Roman's "service" under section 8442(f)(5) must also include the period of time between her death and the day she would have turned 62, had she lived—sometimes called "imputed service." Thus, Mr. Roman argues that his wife's total "service" for purposes of section 8442(f)(5) is 39 years and 6 months.

OPM is correct that "service" is defined in section 8401(26) to mean "service which is creditable under section 8411," and in *Roman I* we determined that "[s]ection 8411 defines creditable service to include both actual service . . . and [leave without pay], . . . *but does not include imputed service*." 297 F.3d at 1367 (emphasis added). Thus, our precedent as applied to the plain

language of the statute forecloses Mr. Roman's interpretation.

Even if our decision in *Roman I* were not dispositive, we find Mr. Roman's arguments regarding statutory construction unpersuasive. Based on the fact that Mrs. Roman's service for purposes of calculating Mr. Roman's basic survivor annuity includes imputed service, Mr. Roman argues that, for consistency, imputed service must be included in the assumed CSRS calculation as well. He also argues that the purpose of the supplemental annuity is to replace the value of Social Security benefits when such benefits are not payable, a purpose that would be frustrated if he were to receive $9 per month as a replacement for a $782 per month Social Security benefit.

Mr. Roman's argument regarding consistency ignores the fact that for basic annuities for survivors of disability annuitants, the statute specifically provides that "creditable service shall . . . include the period of time between date of death and the date of the sixty-second anniversary of the birth of the annuitant," in addition to the service that would otherwise be creditable under section 8411. 5 U.S.C. § 8442(g)(2)(B)(ii)(II). That provision applies only to basic survivor annuities "determined under subsection (a)." 5 U.S.C. § 8442(g)(1). There is no similar reference to supplemental survivor annuities determined under subsection (f). Thus, the disparity Mr. Roman objects to is written into the statute itself.

Mr. Roman's argument regarding Congress's intent is also unavailing. First, the only authority Mr. Roman cites for the proposition that supplemental survivor annuities were intended to replace estimated Social Security benefits is the MSPB's March 22, 2012, non-precedential order, which cites OPM's *CSRS and FERS Handbook for Personnel and Payroll Offices*, Section 51A1.1-1A. The cited chapter, however, concerns retiree annuities, not survivor annuities. In any event, neither

that material nor any other we have seen can override the plain language of the statute.

Accordingly, we affirm the January 18, 2013 decision upholding OPM's interpretation of "service" for purposes of section 8442(f) as excluding imputed service.

## B

As to Mr. Roman's due process complaints, we agree with the administrative judge that Mr. Roman failed to demonstrate any harmful procedural error.

Mr. Roman has not pointed us to any evidence indicating that the denials of his motions to compel discovery were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Instead, the record reflects that Mr. Roman's motions were denied because the administrative judge found that OPM had adequately responded to Mr. Roman's requests and the additional information sought was not relevant or reasonably calculated to lead to the discovery of admissible evidence. Mr. Roman has also not shown how obtaining additional discovery could have changed the outcome of his case, as the controlling question of statutory interpretation is decided by our decision in *Roman I*.

In addition, although Mr. Roman contends that harmful error resulted from OPM's failure to disclose regulations supporting its analysis, OPM's June 20, 2012 decision carefully set out the statutory basis for its calculations, and Mr. Roman has not pointed to any contrary regulation or demonstrated that those calculations were contrary to any law. In sum, the record reflects that Mr. Roman had notice of OPM's interpretation of "service" for purposes of section 8442(f) and responded with extensive briefing as to the merits of that interpretation.

Mr. Roman also argues that OPM erroneously withheld $60 from his annuity payments without due process. This was done to compensate for payments that were

made based on OPM's initial (and admittedly erroneous) calculation of Mr. Roman's supplemental annuity at $14 per month, which was later revised to $9 per month. Because we affirm the administrative judge's decision upholding OPM's revised calculation, and because Mr. Roman made no claim for waiver of the overpayment before the Board, we find no harmful error with respect to OPM's recovery of the $60 overpayment.

We have considered Mr. Roman's additional arguments regarding procedural error and find them unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the decision of the MSPB.

No costs.

**AFFIRMED**